UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| COLONY INSURANCE COMPANY, | |
|---|---|
| Plaintiff, | |
| v. | 3:10-CV-1059 (CSH) |
| JACK A. HALPRIN, INCORPORATED, ROCHELLE MYRICK, ADMINISTRATRIX OF THE ESTATE OF ENSLEY E. MYRICK, TARA REED, ADMINISTRATRIX OF THE ESTATE OF JOSEPH E. REED, ANTHONY PERELLI, CATWALK, LLC AND MARKEASE HILL, | |
| Defendants. | |

# ORDER

Plaintiff, Colony Insurance Company ("plaintiff"), commenced this action to request a declaratory judgment that it has no duty to defend its policy holder Jack A. Halprin, Inc. ("Halprin") in a separate pending state court civil action ("the underlying action").[1] Doc. # 1 (Declaratory Judgment Complaint ). In the underlying action, Rochelle Myrick, Tara Reed, and Anthony Perelli ("Myrick," "Reed," and "Perelli"), additional defendants herein, seek to recover damages for the shooting deaths of Ensley E. Myrick and Joseph E. Reed and injuries to Perelli caused by defendant Markease Hill ("Hill") when he allegedly fired gunshots on June 11, 2008, in the parking lot of

---

[1] *Rochelle Myrick, Administratrix of the Estate of Ensley E. Myrick, et al. v. Jack A. Halprin, Inc., et al.,* Docket No. NNH-CV10-5033401-S, was filed on July 16, 2010, in the Connecticut Superior Court in the Judicial District of New Haven.

Halprin's establishment known as the "Catwalk."[2]

On July 6, 2010, Colony filed its Complaint in the present action, basing jurisdiction before this Court on diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1).[3] Plaintiff thus claims that this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs. Doc. #1, p. 2, ¶ 9.

A federal court has limited jurisdiction pursuant to Article III of the Constitution. In order for this Court to exercise subject matter jurisdiction, either (1) plaintiff must set forth a colorable claim arising under the Constitution or federal statute, creating "federal question" jurisdiction, 28 U.S.C. § 1331;[4] or (2) there must be complete diversity of citizenship between plaintiff and all defendants and the amount in controversy must exceed $75,000. *Id.* § 1332 (a)(1). *Strawbridge v. Curtiss*, 3 Cranch 267, 1806 WL 1213, at *1 (February Term 1806). *See also Da Silva v. Kinsho International Corp.*, 229 F.3d 358, 363 (2d Cir. 2000) (identifying and discussing the two categories of subject matter jurisdiction).

This Court has the duty to review a plaintiff's complaint "at the earliest opportunity" to determine whether there is in fact subject matter jurisdiction. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (court may raise the issue

---

[2]The Catwalk is a restaurant and bar owned by Halprin and located at 311 East Street in New Haven, Connecticut. Doc. #1, p.3, ¶¶ 14-15.

[3]Section 1332 explicitly provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

[4]"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

of subject matter jurisdiction *sua sponte* at any time); *Univ. of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").

Generally, where there is a lack of subject matter jurisdiction, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). *See Manway Constr. Co. v. Housing Authority of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."). *See also Romanella v. Hayward*, 114 F.3d 15, 16 (2d Cir. 1997) (affirming dismissal of negligence action due to lack of subject matter jurisdiction); *Danks v. Gordon*, 272 F. 821, 824 (2d Cir. 1921) ("Where one or more of the complainants and one or more of the respondents are citizens of the same state, this is fatal to the jurisdiction of the court if the jurisdiction rests simply on the ground of diversity of citizenship.").

In the case at bar, plaintiff's Complaint alleges no facts or circumstances that potentially give rise to a federal claim arising under the Constitution or federal statute. It is thus incumbent upon this Court to determine *sua sponte* whether there exists diversity of citizenship between the parties. To do so, the Court must be able to determine the citizenship of the parties as of the date the lawsuit was filed, July 6, 2010. *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009) (to determine diversity jurisdiction "it must be determined whether at the time the present action was commenced there was diversity jurisdiction," that is, whether one party was a citizen of ( *i.e.*, domiciled in) a state other than the state of which the opposing party is a

citizen); *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002) ("In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced."). As set forth below, plaintiff's allegations are insufficient to establish diversity of citizenship in this case.

In the Complaint, plaintiff described itself as "an insurance company incorporated in Virginia with its principal place of business in Richmond, Virginia." Doc. #1, p. 2, ¶ 2. Under section 1332, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For the purpose of diversity of citizenship, plaintiff is thus a citizen of the State of Virginia. Plaintiff then described Halprin as "a corporation incorporated in Connecticut with its principal place of business at . . . New Haven, Connecticut." Doc. #1, p. 2, ¶ 3. For diversity purposes, Halprin is thus a citizen of the State of Connecticut.

With respect to the remaining defendants, however, plaintiff provides insufficient facts to establish their states of citizenship. Plaintiff asserts that defendant Catwalk is a limited liability company registered in Connecticut with its principal place of business in New Haven, Connecticut. *Id.*, ¶ 7. Plaintiff, however, fails to provide the citizenship of each of Catwalk's members. Because "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members," *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006), *cert. denied*, 549 U.S. 1047 (2006), it remains unknown whether diversity exists between plaintiff and defendant Catwalk.

Furthermore, plaintiff states that individual defendants Myrick, Reed, and Perelli *reside* in Connecticut and that defendant Hill *is incarcerated in* Connecticut. Doc. #1, p. 2, ¶¶ 4-6, 8.

Plaintiff fails to provide the relevant domiciles of each of these individual defendants for purposes of diversity. With respect to an individual's citizenship, it is "well-established that allegations of residency alone cannot establish citizenship." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 102-103 (2d Cir. 1997) (citing *Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996)). This is because an individual's citizenship for diversity purposes is determined by his or her *domicile*, not residence. *See Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A person's domicile is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). While an individual may have several residences, he or she can have only one domicile.[5] *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992). *See also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (for jurisdictional purposes, "'[d]omicile' is not necessarily synonymous with 'residence," and "one can reside in one place but be domiciled in another") (citations omitted).

Furthermore, defendants Myrick and Reed are administratixes for their respective decedents, Ensley E. Myrick and Joseph E. Reed. For purposes of diversity jurisdiction, the administrator of an estate has the *same citizenship as the decedent*. *See* 28 U.S.C. §§ 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent"); *see also Truck-A-Tune, Inc. v. Re*, 856 F. Supp. 77, 80 (D. Conn. 1993). As both

---

[5]The Second Circuit has described "residency" as "an established abode, for personal or business reasons, permanent for a time." *Rosario v. INS*, 962 F.2d 220, 224 (2d Cir. 1992) (internal citations omitted). "A resident is so determined from the physical fact of that person's living in a particular place," a "place of general abode . . . without regard to intent." *Id*.

Myrick and Reed are acting on behalf of estates, this Court must be apprised of the citizenship (*i.e.*, domicile) of each of the respective decedents. As plaintiff has only informed this Court of the state of residence of the administratrixes themselves, the Court lacks any information of their relevant domiciles (*i.e.*, their *decedents'* domiciles) for diversity purposes.

Lastly, with respect to an incarcerated party to an action, such as Hill, there is a rebuttable assumption that a person's *pre-incarceration domicile* remains his domicile while incarcerated. *See Richard v. Dorman*, No. 3:08cv1495 (JBA), 2009 WL 1795066, at *1 (D. Conn. June 22, 2009); *Collazo-Portillo v. D'Avirro*, No. 3:06cv2028(PCD), 2007 WL 1614527, at *3 (D.Conn. May 29, 2007) (citing *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir.1991), *cert. denied*, 513 U.S. 1060 (1994), and *Truman v. Canant*, No. 92 Civ. 5813(JFK), 1994 WL 471517 (S.D.N.Y. Sept. 1, 1994)); *Fiamengo v. Wadsworth*, No. 3:03cv569 (SRU), 2004 WL 1638235, *4 (D.Conn. July 13, 2004). One must thus know the pre-incarceration domicile of Hill to determine his state of citizenship for purposes of this action. Plaintiff has only provided the state where Hill is currently incarcerated.

In light of the foregoing, to resolve any doubt regarding this Court's subject matter jurisdiction, defendant Catwalk and all individual defendants are hereby ORDERED to submit affidavits to the Court, not later than **November 12, 2010**, stating their citizenship for purposes of federal diversity jurisdiction. They must also serve these affidavits on all parties to this action on or before **November 12, 2010**.

As a limited liability corporation, Catwalk must include in its affidavit a list detailing the state of citizenship of each of its members.

As administratrixes, individual defendants Myrick and Reed must each set forth in her affidavit: (1) the state in which her decedent was domiciled and principally established or his "true

fixed home" at the time prior to his death and (2) the names, if any, of other states in which said decedent maintained a residence. If there are additional states in which any decedent maintained a residence, the affidavit must further provide: (a) the location of all residences kept and (b) the approximate length of time spent at each residence.

Individual defendant Perelli must provide an affidavit proclaiming his own state of citizenship at the time this action was filed. He must thus declare: (1) the state in which he was domiciled and principally established or his "true fixed home" and (2) the names, if any, of other states in which he had a residence. If there are additional states in which he maintained a residence, the affidavit must further provide: (a) the location of all residences he kept and (b) the approximate length of time he spent at each residence.

Lastly, defendant Hill must provide the state in which he was domiciled prior to his incarceration. In so doing, he must name the state he considered his "true fixed home" before he was incarcerated.

If, after receiving these affidavits, the Court is assured that it does in fact have subject matter jurisdiction over this case, the Court will issue an Electronic Scheduling Order, taking into account the proposed case deadlines set forth in the parties' Report of their Rule 26(f) Planning Meeting. Doc. #18 (filed 10/6/2010). Until the Court enters such a scheduling order, all pretrial deadlines are hereby suspended.

It is SO ORDERED.

Dated: New Haven, Connecticut
October 19, 2010

/s/Ellen Bree Burns
Ellen Bree Burns
Senior United States District Judge