UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>JACK A. HALPRIN, INCORPORATED, ROCHELLE MYRICK, ADMINISTRATRIX OF THE ESTATE OF ENSLEY E. MYRICK, TARA REED, ADMINISTRATRIX OF THE ESTATE OF JOSEPH E. REED, ANTHONY PERELLI, CATWALK, LLC AND MARKEASE HILL,<br><br>    Defendants. | 3:10-CV-1059 (CSH) |

## ORDER

Plaintiff, Colony Insurance Company ("plaintiff"), commenced this action to request a declaratory judgment on July 6, 2010. Defendants Catwalk, LLC ("Catwalk") and Markease Hill ("Hill") were each served with a copy of the Summons and Complaint on July 15, 2010. Doc. # 7 & 8. As of the date of this Order, neither Catwalk nor Hill has filed an appearance in the present action.[1] Generally, pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), "[a] defendant must serve an answer: (i) within 21 days after being served with the summons and complaint." The Court has, however, by Order suspended all case deadlines to enable it to make a proper determination regarding the validity of its subject matter jurisdiction over the present action.[2]

---

[1] Appearances have been filed on behalf of all other parties to this action.

[2] Previously, upon motion, the Court extended the answer deadline for defendant Jack A. Halprin, Inc. to October 5, 2010. (Doc. # 15 & 16). No answers or responsive pleadings have

1

In that Order, the Court mandated that defendant Catwalk and all individual defendants, including Hill, file and serve affidavits setting forth their citizenship for purposes of federal diversity jurisdiction on or before **November 12, 2010**. Additionally, the Court hereby ORDERS that defendants Catwalk and Hill file appearances in this case prior to filing their affidavits and in no event later than **November 12, 2010**. Catwalk, as a limited liability company, must file its appearance through counsel;[3] and Hill, as an individual, must file his appearance either through counsel or *pro se*.

If either defendant fails to comply with the terms of this Order, plaintiff may submit a motion for entry of default, and in due course, for entry of default judgment. *See* Fed. R. Civ. P. 55 (a)-(b).[4] All other case deadlines remain suspended until the Court reviews defendants' affidavits and either dismisses this action for lack of subject matter jurisdiction or enters an electronic scheduling order setting forth new pretrial deadlines.

It is SO ORDERED.

Dated: New Haven, Connecticut
October 19, 2010

/s/*Ellen Bree Burns*
Ellen Bree Burns
Senior United States District Judge

---

yet been filed in this case.

[3] A corporate entity may not litigate without an attorney. *See Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir.1967) (per curiam)

[4] Under Rule 55(a), the clerk is empowered to enter a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).