UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>        Plaintiff,<br>v.<br><br>JACK A. HALPRIN, INCORPORATED, ROCHELLE MYRICK, ADMINISTRATRIX OF THE ESTATE OF ENSLEY E. MYRICK, TARA REED, ADMINISTRATRIX OF THE ESTATE OF JOSEPH E. REED, ANTHONY PERELLI, CATWALK, LLC AND MARKEASE HILL,<br><br>        Defendants. | 3:10-CV-1059 (CSH) |

## ORDER

Plaintiff, Colony Insurance Company ("plaintiff"), commenced this action to request a declaratory judgment that it has no duty to defend its policy holder Jack A. Halprin, Inc. ("Halprin") in a separate pending state court civil action ("the underlying action").[1]  Doc. # 1 (Declaratory Judgment Complaint ).  In the underlying action, Rochelle Myrick, Tara Reed, and Anthony Perelli ("Myrick," "Reed," and "Perelli"), additional defendants herein, seek to recover damages for the shooting deaths of Ensley E. Myrick and Joseph E. Reed and injuries to Perelli caused by defendant Markease Hill ("Hill") when he allegedly fired gunshots on June 11, 2008, in the parking lot of

---

[1]*Rochelle Myrick, Administratrix of the Estate of Ensley E. Myrick, et al. v. Jack A. Halprin, Inc., et al.,* Docket No. NNH-CV10-5033401-S, was filed on July 16, 2010, in the Connecticut Superior Court in the Judicial District of New Haven.

Halprin's establishment known as the "Catwalk."[2]

In its Complaint, Colony based jurisdiction before this Court on diversity of citizenship between the parties under 28 U.S.C. § 1332(a)(1).[3] Plaintiff's allegations were insufficient, however, to establish such diversity jurisdiction. In order to ensure that it has subject matter jurisdiction over this matter, the Court ordered defendant Catwalk and all individual defendants to submit affidavits to the Court, not later than **November 12, 2010**, stating their citizenship for purposes of federal diversity jurisdiction.[4] *See* Doc. #19 (Order, filed 10/19/10). Said defendants were also ordered to serve the affidavits on all parties to this action on or before **November 12, 2010**. *Id.* Moreover, defendants Catwalk and Hill were required to file appearances before filing their affidavits and in no event later than **November 12, 2010**. *See* Doc. #20 (Order, filed 10/19/10).

More than two months have elapsed since the November 12, 2010 deadline expired and neither Catwalk nor any of the individual defendants has filed and served the requisite affidavits. Moreover, Catwalk and Hill have failed to appear. Accordingly, the Clerk has entered default against Catwalk and Hill for failure to appear; and the Court will entertain motions from plaintiff for default judgment against those two defendants. Doc. # 23, 24. Furthermore, with respect to the remaining individual defendants, **Myrick, Reed, and Perelli**, the Court now **ORDERS** that **on or**

---

[2]The Catwalk is a restaurant and bar owned by Halprin and located at 311 East Street in New Haven, Connecticut. Doc. #1, p.3, ¶¶ 14-15.

[3]Section 1332 explicitly provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

[4]Generally, where there is a lack of subject matter jurisdiction, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**before February 11, 2011,** each of these defendants must file the mandated affidavits and show cause why they failed to comply in a timely manner with the Court's previous Order (Doc. #19). If any of these defendants fails to comply with this Order, the Court may in its discretion impose sanctions, including but not limited to, "imposition on the party or, where appropriate, on counsel personally, of costs and counsel fees, or such other order with respect to the continued prosecution or defense of the action as is just and proper," such as entry of default.   Local R. Civ. P. 16(f).

      It is SO ORDERED.

Dated: New Haven, Connecticut
        January 28, 2011

                                            */s/Charles S. Haight, Jr.*
                                            Charles S. Haight, Jr.
                                            Senior United States District Judge